1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

RONALD C. FRYER, et al.,

      Plaintiff,

    v.

BERNIE BROWN et al.,

      Defendant.

Case No. C04-5481 FDB

ORDER DENYING IN PART AND
GRANTING IN PART MOTION
FOR SUMMARY JUDGMENT AND
GRANTING MOTION TO COMPEL
DISCOVERY AND GRANTING
MOTION FOR TRIAL
CONTINUANCE

17

18

19

20

21

22

23

24

25

      This matter is before the Court upon the motion of Defendant Bernie Brown for summary judgment pursuant to Fed. R. Civ. Pro. 56 (c) or in the alternative, Defendant seeks a continuance of the trial date currently scheduled for September 12, 2005.  Plaintiff alleges claims of copyright and trademark infringement.  Having considered the motion, opposition, and the evidence of the record, this Court finds for the reasons stated herein that Defendant's motion for summary judgement is **DENIED** in part and **GRANTED** in part; motion to compel discovery is **GRANTED**; request for continuance of trial is **GRANTED.**

26

ORDER - 1

I.

This dispute involves Plaintiff 's claim that it owns superior and exclusive rights to the domain name and website style of "autoupholsterykits.com" and that Defendant's and Jodie Fulcrum's use of the domain name, "autoupholsterykit.com," incorporation of its website ideas, and use of its codes, are all wrongful infringements of that right.

Plaintiff has been in the auto upholstery business for over 30 years. Fryer's Auto Upholstery was incorporated in December 1982. In May 2000, plaintiff constructed and registered a website with the domain name of "autoupholsterykits.com." The website was federally copyrighted in February 2004. Defendant Bernie Brown has been in the upholstery business for 28 years. In October 2001, he worked for plaintiff as an independent contractor where he was employed to pattern and sew the products. Months later, in July 2002, defendant established a competing business, ABC Auto Upholstery Auto Glass and Repair. He hired Defendant Jodie Gilmore of Fulcrum Communications to design and construct its website with the domain name of "autoupholsterykit.com."

Both websites were constructed for the purpose of facilitating the sales of each businesses' goods and services. Additionally, both websites have been in continuous use since the dates of their respective creation.

Upon notice of defendants' website, plaintiff confronted the defendants and demanded they cease and desist with further infringement. Plaintiff contends that defendants refused compliance. This Court determined the names "autoupholsterykits.com" and "autoupholsterykit.com" were confusingly similar and granted Plaintiff's request for a preliminary injunction against Defendant's use of the domain name. Defendant brings this motion for summary judgment as a matter of law, or in the alternative, Defendant seeks a continuance of the trial date.

ORDER - 2

1

II.

2       Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and

3  admissions on file show that there is no genuine issue as to any material fact and that the moving party

4  is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c); *Greenwalt v. Sun City W. Fire Dist.*,

5  250 F.Supp.2d 1200, 1204 (9th Cir. 2003). In applying this standard, the court must construe all facts

6  and reasonable inferences therefrom in the light most favorable to the nonmoving party. See

7  *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 547 (1986). Summary judgment is not

8  proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.

9  1995), *cert denied*, 516 U.S. 1171 (1996). Once the moving party has carried its burden of indicating

10  that there is no genuine issue of material fact, Rule 56 (e) "requires the nonmoving party to go beyond

11  the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on

12  file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*,

13  477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (e)); *Brinson v. Lina Rose Joint Venture*, 53 F.3d

14  1044, 1049 (9th Cir. 1995); *Tavlor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The nonmoving party

15  must "make a showing sufficient to establish the existence of an element essential to that party's case,

16  and on which that party will bear the burden of proof at trial." *Id.* at 322. The mere existence of a

17  scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence

18  on which the jury could reasonably find for the nonmovant. See *Anderson v. Liberty Lobby, Inc.,* 477

19  U.S. 242, 252 (1986).

20

III.

21  **Trademark Infringement Claim**

22       Plaintiff brings this claim alleging violation of the Anticypersquatting Consumer Protection

23  Act (ACPA). The ACPA makes it illegal for a person to register or to use with the bad faith intent

24  to profit from an Internet domain name that is identical or confusingly similar to the distinctive or

25  famous trademark or Internet domain name of another person or company. 15 U.S.C.S. §1125(d).

26  ORDER - 3

1    The ACPA was intended to prevent "cybersquatting," an expression that has come to mean the bad

2    faith, abusive registration and use of the distinctive trademarks of others as Internet domain names,

3    with the intent to profit from the goodwill associated with those trademarks. *Shields v. Zuccarini*,

4    254 F.3d 476, 482 (3rd Cir. 2001).  The ACPA covers the registration of domain names that are

5    "identical" to distinctive or famous marks, but it also covers domain names that are "confusingly

6    similar" to distinctive or famous marks.  15 U.S.C.S. §1125(d)(1)(A)(ii)(I), (II).  A reasonable

7    interpretation of conduct covered by the phrase "confusingly similar" is the intentional registration

8    of domain names that are misspellings of distinctive or famous names, causing an Internet user who

9    makes a slight spelling or typing error to reach the unintended site. *Shields v. Zuccarini,* at 484.

10    Defendant contends the trademark infringement claim should be dismissed as a matter of law

11    because the domain name "autoupholsterykits.com" is generic and not subject to protection.

12    Defendant contends the phrase describes the type of product and answers the question "what are

13    you." Brown Motion for Summary Judgment at 9.  Defendant further contends that adding a top

14    level domain ".com" does not turn an otherwise non-protectable phrase into a protectable phrase.

15    Alternatively, if the mark is determined to be descriptive, Defendant contends the mark does not

16    have secondary meaning.  Defendant notes that Plaintiff has offered no consumer testimony and

17    provides no surveys.  Furthermore, Defendant contends that the advertising produced by Plaintiff

18    does not emphasis "autoupholsterykits.com." Defendant urges the Court to exclude evidence of

19    Plaintiff's alleged advertising because of Plaintiff's failure to respond to discovery.

20    Plaintiff responds that answers to discovery were properly given.  The Court will address this

21    contention in the order *supra*.  Plaintiff contends Defendant was aware of the existence of Plaintiff's

22    website and domain name, had seen the website many times prior to his decision to have his own,

23    and deliberately copied Plaintiff's creation.  Plaintiff provides evidence by affidavit supporting its

24    contention that Defendant in fact questioned Plaintiff about the workings of Plaintiff's business in

25    great detail.

26    ORDER - 4

1    The distinctions between generic and descriptive and descriptive and suggestive are often

2    illusory.  Accordingly, the Court relies upon the link between the mark's secondary meaning and the

3    likelihood of confusion as critical.  *Thompson Medical Co. Inc., v. Pfizer Inc.*, 753 F. 2d 208, 215

4    (2nd Cir. 1985).

5    Defendant contends the domain name has not acquired secondary meaning because the

6    Plaintiff does not associate the phrase "autoupholsterykits" with "Fryer's Auto Upholstery."

7    Plaintiff responds that its customers do not usually call for "Fryer's Auto Upholstery."  They call for

8    "autoupholsterykits."    Plaintiff asserts the customers do not equate the name "Fryer Auto

9    Upholstery" with the company, but instead, relate to the trademark "autoupholsterykits."  Moreover,

10   consumers were allegedly mislead by the similarity of the name "autoupholsterykits.com" and

11   "autoupholsterykit.com."    Notwithstanding Plaintiff's mistaken belief that it has no obligation to

12   provide Defendant with names and contact information of confused consumers, the Court declines

13   to address the matter of whether or not consumers were actually confused for purposes of this

14   motion.

15   Actual confusion is not required to prove the existence of consumer confusion. When

16   intentional copying is at issue, the Court may presume the likelihood of confusion.  *M. Kramer Mfg.*

17   *Co. v. Andrews,* 783 F.2d 421, 448 (4th Cir. 1986)("courts almost unanimously presume a likelihood

18   of confusion based upon a showing that the defendant intentionally copied the plaintiff's

19   trademark"); *Warner Brothers, Inc. v. American Broadcasting Co.,* 720 F.2d 231, 246-47 (2d Cir.

20   1983) (evidence of intentional copying raises a presumption of likelihood of confusion, but may not

21   in all cases survive a directed verdict); *Brooks Shoe Mfg. Co v. Suave Shoe Corp.,* 716 F.2d 854, 859

22   n.13 (11th Cir. 1983) (intentional copying is "evidence, but not conclusive" on issue of likelihood

23   of confusion); *Processed Plastic Co. v. Warner Communications, Inc.,* 675 F.2d 852, 857 (7th Cir.

24   1982) (intentional copying establishes presumption of intent "to create a confusing similarity of

25   appearance and to have succeed at doing so").    Plaintiff maintains Defendant's copying of the

26   ORDER - 5

1    domain name was deliberate and provides supporting affidavits.  Assuming the facts in the light

2    most favorable to the non-moving party, Defendant's copying was intentional.  Accordingly, this

3    Court will presume the presence of consumer confusion.   Whether Defendant's copying of the

4    domain name was in fact deliberate is a disputed fact to be determined at trial.

5         As to the existence of a secondary meaning, in trademark infringement cases, the courts have

6    held that evidence of deliberate copying establishes a *prima facie* case of secondary meaning, subject

7    to rebuttal by the defendant, with the defendant bearing the ultimate burden of proof once deliberate

8    copying is proven.  *Audio Fidelity, Corp. v. High Fidelity Recordings, Inc.,* 283 F.2d 551, 558 (9th

9    Cir. 1960)(quoting  *My-T Fine Corp. v. Samuels,* 69 F.2d 76, 77 (2nd Cir. 1934).  The rationale for

10   this presumption is that when a defendant copies the trademark of a competitor, it is likely that he

11   intended to appropriate some commercial advantage or benefit that his competitor derived from the

12   use of the mark.  *M. Dramer Mfg.,* 783 F.2d 421, 449 (4th Cir. 1986); *Chevron Chemical Co. v.*

13   *Voluntary Purchasing Groups, Inc.,* 659 F.2d 695, 704 (5th Cir. 1981).  Accordingly, the alleged

14   deliberate copying of the trademark presumes a likelihood of confusion, and the alleged deliberate

15   copying  establishes a secondary meaning.  The trademark is therefore distinct and not generic.  As

16   such, the domain name is  afforded protection against infringement.  **Copyright infringement**

17   **Claim**

18   **Website**

19        The Court is faced with copyright claims relating to Plaintiff's website and certain print

20   advertisements.  To establish a copyright infringement cause of action, a plaintiff must show both

21   ownership of a copyright and unauthorized copying by the defendant." *Hamil American Inc. v. GFI,*

22   193, F.3d 92, 98 (2nd Cir. 1999).  Defendant contends that Plaintiff has failed to show that the

23   material in his website is original and fails to show that his work is copyright protected.  Plaintiff

24   responds that the website is copyright protected and proffers a certificate of registration issued by

25   the United States Copyright Office.  A certificate of registration from the United States Register of

26   ORDER - 6

1   Copyrights constitutes *prima facie* evidence of valid ownership of a copyright, although that

2   presumption of ownership may be rebutted.  *Rogers v. Koons,* 960 F.2d 301, 306 (2nd Cir. 1992).

3   To overcome the presumption of ownership, Defendant contends the website as a whole is

4   predominantly a utilitarian tool used to advertise, market, and conduct Plaintiff's business.  Plaintiff

5   responds that the website is his original creation and proffers a hardcopy of the website as evidence.

6        The legislative history of 17 U.S.C. §102 states that "the phrase 'original works of

7   authorship' was intended to codify without change the concept of 'originality' applied by the courts

8   under the prior copyright statute."  *Hutchinson Telephone Co. v. Fronteer Directory Co. of

9   Minnesota, Inc.,* 770 F.2d 128, 131 (8th Cir. 1985).  This requirement of "originality" does not

10  necessarily indicate that the work must demonstrate novelty or uniqueness, rather original, as the

11  term is used in copyright means only that the work was independently created by the author (as

12  opposed to copied from other works), and that it possesses at least some minimal degree of

13  creativity.  *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.,* 499 U.S. 340, 351 (1991).

14  The Court has reviewed the submitted exhibits.  This review revealed that the necessary creative or

15  original arrangements of the elements exists to varying degrees, in all of the claimed works.  This

16  does not  include copyright protection of the domain name as discussed in detail *supra.*

17       Defendant alleges the two websites are distinguishable by design, style, and content.  Plaintiff

18  responds the two websites are identical or similar in background color, meta tags, and key words.

19  Clearly, the parties are in dispute of a material fact.  Accordingly, whether the website is similar in

20  design and content is a disputed fact that will be determined at trial.

21  **Domain name**

22       Defendant contends the domain name cannot be copyright protected.  Words and short

23  phrases such as names, titles, and slogans are not subject to copyright protection.  37 C.F.R.

24  202.1(a).    The Court agrees.    The ACPA affords appropriate protection against Plaintiff's

25  allegations of domain name infringement.  Accordingly, Defendant is entitled to summary judgment

26  ORDER - 7

1  as a matter of law on Plaintiff's claim of copyright infringement against the domain name.

2  **Motion to Compel**

3        On December 17, 2005, Defendant Brown sent interrogatories and requests for production

4  to Plaintiff.  When Plaintiff failed to respond within 30 days, Defendant Brown sent an electronic

5  message to Plaintiff informing him that the answers were overdue.  A discovery conference was held

6  on January 31, 2005.  Plaintiff provided Defendant with the responses on an agreed date of February

7  14, 2005.

8        Defendant contends the answers provided by Plaintiff were inadequate because they were

9  accompanied with a number of objections stating most of the requests were "not relevant to this

10  case."  Plaintiff raised such objections to requests for:  financial and accounting data related to his

11  company; requests for tax returns; names of confused customers; names of all customers; names of

12  employees; and monthly gross sales.  Additionally, payment of $1.25 per page was demanded by

13  Plaintiff  upon Defendant's request for a hard copy of the website.

14        During deposition held on February 21, 2005, Plaintiff agreed to supplement his responses

15  and provide Defendant with the requested tax returns from 2000 to the present; basis for calculation

16  and damages; names of current and former employees from 1998 to present; and the gross sales by

17  month from 2000 to present.  This information, according to Defendant was not timely provided.

18        Plaintiff contends that he is complying with the rules of discovery.  Plaintiff's delay of

19  providing the responses were caused by his uncertainty of what was being requested.  Plaintiff

20  sought clarification on responses that Defendant deemed were inadequately addressed; however,

21  such guidance was not offered.  Additionally, Plaintiff contends that the initial disclosure

22  information and requested financial documents, which fall within the scope of discovery, is and has

23  been for some time within the Defendant's possession.   Plaintiff objects to providing Defendant

24  with a list of all customer names, as doing so would violate the privacy of the customer's account

25  information.  Defendant brings this motion to compel Plaintiff to provide the requested information

26  ORDER - 8

1    and requests attorney's fees and costs associated with this action.

2                                                    IV.

3    Each party generally has the right to discover "any matter, not privileged, that is relevant to the claim

4    or defense of any party."  FRCP 26(b)(1).  Whether the information sought would be admissible

5    evidence at trial is not the determining factor of whether the requested information lies outside the

6    scope of discovery.  Relevant information may be discoverable if it "appears reasonably calculated

7    to lead to the discovery of admissible evidence. *Id.* (emphasis added).  This information includes

8    information that a party may use to support its denial or rebuttal of the claims or defenses of another

9    party, and should include the identity of any witness or document that the disclosing party may use

10   to support such denials. See Adv. Comm. Notes to 2000 Amendments to Fed. R. Civ. Pro. 26(b)(1).

11

12          Federal courts generally recognize a right of privacy that can be raised in response to

13   discovery requests. *Johnson v. Thompson,* 971 F.2d 1487, 1497 (10th Cir. 1992); *DeMasi v. Weiss*,

14   669 F.2d 114, 119-20 (3rd Cir. 1982).  The party or person whose privacy is affected may either

15   object to the discovery request or seek a protective order.  *Laxalt v. McClatchy,* 809 F2d 885, 889

16   (DC Cir. 1987).  The court may issue protective orders limiting disclosure of trade secrets "or other

17   confidential research, development or commercial information."  Fed. R. Civ. Pro. 26 (c)(7).

18          Resolution of a privacy objection or request for protection order requires a balancing of the

19   need for the particular information against the privacy right asserted.  *Perry v. State Farm Fire and*

20   *Cas. Co.,* 734 F.2d 1141, 1147 (11th Cir. 1984); *Rubin v. Regents of Univ. of California,* 114 FRD

21   1 (N.D. Cal. 1986).  On most discovery motions, the burden is on the party seeking discovery.

22   However, on a motion for a protective order, the person seeking to limit discovery has the burden

23   of establishing grounds for its issuance.  *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir.

24   1975).

25          Initial disclosures under Rule 26 (a)(1) and expert witness disclosures under Rule 26(a)(2)

26   ORDER - 9

1   must not be filed in the court unless they are "used in the proceedings" or the court orders otherwise.

2   FRCP 5(d).  Similarly, unless "used in the proceedings" or the court orders otherwise, most

3   discovery requests and responses must not be filed with the court.  *Id.*

4                                                    V.

5          This Court adheres to a philosophy of liberal discovery.  It recognizes that unfettered

6   discovery of all materials relevant to the case should be permitted and that discovery need not be

7   limited to facts admissible at trial.  Under Rule 26(b)(1), inadmissibility of matters at trial is not a

8   ground for objection to discovery proceedings; where incompetent matter is adduced by discovery,

9   objection can be made at trial if answers or depositions are offered as evidence.

10         Defendant seeks the full and complete response to his requests for information regarding

11  Plaintiff's tax returns, the basis for his calculation of damages; names of current and former

12  employees; and gross sales by month.  The explanation provided for Defendant's request is that

13  Plaintiff has alleged that customers were confused between the websites.  Accordingly, all

14  information related to that confusion, including customer lists are discoverable[1].  Likewise, because

15  Plaintiff seeks monetary damages, Defendant believes that all information related to the financial

16  and sales data of plaintiff's company is relevant.    The Court agrees.  Plaintiff has provided

17  Defendant with Profit or Loss From Business for the years of 2000 through 2003 and basis for

18  calculation of damages.    Plaintiff is also instructed to provide Defendant with the sources of

19  documents Plaintiff used in determining his basis for its calculation of damages.  Summarily stating

20  the figures is not sufficient.  Defendant must be provided with the precise amounts claimed, and

21  with an explanation of how each figure was calculated.  If the information was provided off of

22  actual sales, this information shall be disclosed to Defendant.  Furthermore, Plaintiff is instructed

23  to provide the Defendant with all other requested information that has not been previously

24  _____

25         [1] Defendant has stated his willingness to sign a protective order prohibiting the use of the
    information, or its dissemination outside of the litigation.

26  ORDER - 10

1    submitted.

2

3    **Protective Order (privacy of information)**

4          Plaintiff is concerned that disclosing customer information would violate customer privacy

5    rights, breach Plaintiff's confidentiality with his customers, and afford a financially damaging

6    opportunity for Defendant to deliberately cause more customer confusion and harm.  Resolution of

7    a privacy objection or request for protection order requires a balancing of the need for the particular

8    information against the privacy right asserted.  *Perry v. State Farm Fire and Cas. Co.,* 734 F.2d

9    1141, 1147 (11th Cir. 1984); *Rubin v. Regents of Univ. of California,* 114 FRD 1 (N.D. Cal. 1986).

10

11        Costumer confusion is at the heart of this trademark infringement claim.  Plaintiff has alleged

12   that customers were confused by the similarity of Defendant's domain name and mistakenly

13   removed their links from Plaintiff's website.  As a result of the consumer's confusion, Plaintiff had

14   to individually contact the costumers explaining that the two services were separate.  According to

15   Plaintiff, such confusion and sorting out the two businesses has caused Plaintiff financial loss.  The

16   need for Defendant to determine the existence of confused consumers is significant to its defense

17   and therefore outweighs the privacy right asserted.  Notwithstanding Defendant's need for the

18   particular information, the Court is prepared to afford protections that will address Plaintiff's

19   concerns.  A protection order is granted that restricts the use of the information provided or its

20   dissemination outside of this litigation.  Plaintiff will be required to provide Defendant with the

21   requested customer information.

22   **Payment for costs of compliance**

23        Any party may serve on any other party a request to produce and permit the party making the

24   request to inspect and copy any designated documents.  Fed. R. Civ. P. 34(a).  Ordinarily, the

25   producing party bears the costs of reviewing and gathering documents while the requesting party

26   ORDER - 11

1   pays for the costs and copies only.  *Continental Ill. Nat'l Bank & Trust Co. Of Chicago v. Caton,*

2   136 FRD 682, 690 (D KS 1991); *Bills v. Kennecott Corp.,* 108 FRD 459, 462 (D UT 1985).

3          Defendant states that a hard copy of Plaintiff's website is needed to defend against

4   Plaintiff's copyright infringement claim.  Given Plaintiff's need to provide this evidence at trial,

5   Defendant contends a production of the same document at Plaintiff's expense would not be an

6   unreasonable request.  The Court disagrees.  Plaintiff is required to make the requested items within

7   its possession, custody, or control available for inspection or copying.  In doing so, Plaintiff must

8   cover the costs of gathering the requested item; not to cover the costs of reproduction absent a

9   showing of good cause as to why the burden should be shifted.   Accordingly, the Court instructs

10  Plaintiff to provide copies of the website as Defendant requests at Defendant's expense.

11  **Attorney's Fees**

12          The party who prevails on a motion to compel is entitled to his or her expenses, including

13  reasonable attorney fees, unless the losing party was substantially justified in making or opposing

14  the motion.  Fed. R. Civ. P. 37(a)(4); *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.,* 536

15  F.2d 1115, 1124-25 (6th Cir. 1976).  Plaintiff was justified in making or opposing a number of

16  Defendant's requests.  Plaintiff's objections based upon the relevance of the requested information

17  and materials were essentially withdrawn upon Defendant's clarification of what was specifically

18  being requested and upon further explanation of Plaintiff's duty to provide an answer.  Plaintiff's

19  concern of disclosing customer information and employee files were legitimate to its interests of

20  protecting the individuals' privacy.  Moreover, Plaintiff prevailed on its objection to absorb the costs

21  of photocopying Defendant's request.  Accordingly, Defendant's requests for attorney's fees and

22  costs are denied.

23          ACCORDINGLY,

24          IT IS ORDERED:

25          (1)     Defendant's motion for summary judgment  (dkt. # 91) is **DENIED** in part and

26  ORDER - 12

1      **GRANTED** in part;

2      (2)   Motion for summary judgment against Plaintiff's claims of trademark infringement

3            are **DENIED;**

4      (3)   Motion for summary judgment against copyright infringement claims against

5            Plaintiff's website are **DENIED;**

6      (4)   Motion for summary judgment against copyright infringement claims against

7            Plaintiff's domain name is **GRANTED;**

8      (5)   Defendant's motion to compel full responses to its first set of interrogatories (dkt.

9            #59) is **GRANTED;**

10     (6)   Within 15 days of the posting of this order, Plaintiff shall produce all materials and

11           provide answers in full detail of Plaintiff's gross sales by month from 2000 to

12           present, tax returns from 2000 to present, names of current and former employees

13           from 1998 to present, basis for calculation of damages, costumer lists, names of

14           confused customers, and all requested information that remains unaddressed.  In

15           producing this information, Plaintiff may redact the private information of

16           consumer's credit card accounts as well as redact the social security numbers from

17           Plaintiff's employee personnel files;

18     (7)   A protection order that restricts the use or dissemination of Plaintiff's customer lists,

19           customer account information, and Plaintiff's employee personnel files outside of this

20           litigation is **GRANTED.**

21     (8)   Defendant's request for attorney's fees and costs are **DENIED.**

22     (9)   Defendant's request for trial continuance is **GRANTED.**  The Clerk shall strike

23           deadlines established in the Court's briefing schedule to allow time for further

24           discovery in accordance with this order.  New trial dates shall be selected.

25

26     ORDER - 13

1

2

3    DATED this __15th__ day of July, 2005

4                                                          _____
                                                          FRANKLIN D. BURGESS
5                                                          UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 14