UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD C. FRYER, et al.,

    Plaintiff,

    v.

BERNIE BROWN et al.,

    Defendant.

Case No. C04-5481 FDB

ORDER DENYING PROTECTION ORDER OF NONPARTY WITNESS JACK GARTIN;DENYING DEFENDANT'S REQUEST FOR FEES ACCRUED IN MISSING DEPOSITION AND COSTS TO DEFEND

    This matter is before the Court on the motion of nonparty witness Mr. Jack Gartin for an order of protection. Mr. Gartin and Plaintiff object to the subpoena duce tecum requiring Mr. Gartin to appear for deposition. Having considered the motion for an order of protection, the opposition, and the papers on file herein, the Court finds for the reasons set forth below, that nonparty witness Jack Gartin's motion for an order of protection is **DENIED** and Defendant's motion for costs is **DENIED.**

ORDER - 1

I.

On April 21, 2005, Defendant served a subpoena duce tecum commanding Mr. Gartin to appear for a deposition scheduled to take place on May 2, 2005. On April 28, 2005, Mr. Gartin informed Defendant that he would not be able to attend the scheduled deposition due to a scheduling conflict. Mr. Gartin provided notice to Defendant of his expected non-attendance via email and first class mail. Plaintiff seeks an order quashing Defendant's self issued subpoena. Plaintiff also seeks a protective order for Mr. Gartin's testimony. Plaintiff contends the witness has no relevant information to provide. Defendant responds that Mr. Gartin's testimony is essential in determining whether Plaintiff has standing to proceed in the action. Defendant contends it has reason to believe that Mr. Gartin is the new owner of Fryer's Auto Upholstery. Mr. Gartin's testimony is also needed to provide requested financial information that Plaintiff has refused to give. Defendant urges the Court to assess costs for missing the deposition in the amount of one thousand dollars and costs incurred to defend against the motion in the amount of six hundred dollars.

II.

**Deposition of nonparty witness**

A subpoena is necessary to obtain testimony or documents from anyone who is not a party to the action or controlled by a party to the action. Fed. R. Civ. P. 30 (a)(1) ("The attendance of witnesses may be compelled by subpoena as provided in Fed. R. Civ. P. 45[1]"). An attorney as officer of the court may issue and sign a subpoena on behalf of a court in which the attorney is authorized to practice. Fed. R. Civ. P. (a)(3)(A).

Defendant's counsel is authorized to practice before this Court and has appropriately issued

---

[1]Fed. R. Civ. P. 45 reads in pertinent part:
A subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken. Fed. R. Civ. P. 45(a)(2).

ORDER - 2

a subpoena duce tecum for Mr. Gartin's testimony. Contrary to Plaintiff's assertion, counsel is not required to make a witness a party to the action before ordering witness testimony. Accordingly, Plaintiff's objection to the subpoena duce tecum for deposition of Mr. Gartin is overruled. Mr. Gartin is ordered to appear for his scheduled deposition and is further instructed to bring all documents requested in the subpoena duce tecum.

**Protection order for Mr. Gartin**

On timely motion, the court by which the subpoena was issued shall quash or modify the subpoena if it requires disclosure of privileged or other protected matter and no exception or waiver applies. Fed. R. Civ. P. 45 (c)(3)(A)(iii).

Mr. Gartin seeks a protective order from the subpoena duce tecum on the belief that the information requested is not relevant and is privileged on grounds of privacy, and attorney work product privilege. Mr. Gartin's reliance on *Cipollone v. Liggette Group, Inc.,* 822 F.2d 335, 345 (3rd Cir. 1987) is misplaced. Mr. Gartin cannot avoid deposition simply because he is participating in the action as a witness without attorney representation. Contrarily, the rule against depositions of opposing counsel does not apply to him. Furthermore, Mr. Gartin has information that could lead Defendant to a material fact at issue. Defendant contends Mr. Gartin's testimony is needed to ascertain whether Plaintiff has standing to proceed in the action. Defendant believes the business has been sold. Morever, Mr. Gartin allegedly has financial information on the business that Plaintiff has not been able to provide. Therefore, Mr. Gartin's testimony is relevant. Accordingly, Mr. Gartin is not entitled to a protective order.

**Sanctions**

Defendant requests costs for missing a scheduled deposition and attorney fees to defend against this motion. Contempt is the only sanction available against a nonparty witness for failure to comply with a deposition subpoena. Fed. R. Civ. P. 45(e). Contempt proceedings are instituted by filing an application for an order to show cause why contempt citation should not issue. The

ORDER - 3

application is filed in the district court in which the subpoena was issued. The order to show cause and notice of hearing thereon must be served on the person subpoenaed and on the opposing parties. There is no authority for an award of monetary sanctions except reimbursement of expenses on a motion to compel. *Pennwalt Corp. v. Durand-Wayland, Inc.,* 708 F.2d 492, 495 (9th Cir. 1983)(district court erred by imposing the sanction without a hearing on the propriety or the reasonableness of the fee award). Defendant has not brought forth contempt proceedings and has not filed a motion to compel nonparty witness to appear for deposition. Accordingly, costs in the total amount of one thousand six hundred dollars for Mr. Gartin's failure to appear for scheduled deposition and for costs incurred of defending this action is denied.

ACCORDINGLY,

IT IS ORDERED:

(1) Nonparty witness Jack Gartin motion for protection order (dkt. #81) is **DENIED;**

(2) Mr. Gartin is ordered to appear for scheduled subpoena and provide requested documents as provided by authorized counsel;

(3) Defendant's motion for costs incurred for missing deposition and costs for defending against this motion for protection order is **DENIED.**

DATED this   3rd   day of August, 2005

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4