UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD C. FRYER, et al.,

    Plaintiff,

  v.

BERNIE BROWN et al.,

    Defendant.

Case No. C04-5481 FDB

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JODIE GILMORE'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the motion of Defendant Jodie Gilmore for an order of summary judgment dismissing Plaintiff's claims against her. Plaintiff asserts claims of copyright infringement against its website design and trademark infringement against its domain name "autoupholsterykits.com."

Having considered the motion, opposition, summary judgment evidence, and balance of the record, the Court finds for the reasons set forth herein, that Defendant Jodie Gilmore's motion for summary judgment shall be GRANTED in part and DENIED in part.

I.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c); *Greenwalt v. Sun City W. Fire Dist.*, 250 F.Supp.2d 1200, 1204 (9th Cir. 2003). In applying this standard, the court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. See *Matusushita Elec. Indust. Co. v. Zenith Radio Corp*., 475 U.S. 547 (1986). Summary judgment is not

ORDER - 1

1  proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.
2  1995), *cert denied*, 516 U.S. 1171 (1996). Once the moving party has carried its burden of indicating
3  that there is no genuine issue of material fact, Rule 56 (e) "requires the nonmoving party to go beyond
4  the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on
5  file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*,
6  477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56 (e)); *Brinson v. Lina Rose Joint Venture*, 53 F.3d
7  1044, 1049 (9th Cir. 1995); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

II.

Defendant manages and designs websites doing business as "Fulcrum Communications." In August 2002, Defendant agreed to design a website for Defendant Brown who selected the domain name address "www.autoupholsterykit.com." The website was finished and launched in October, 2002.

Defendant alleges that she designed features to maximize the chance that the site would be one of the top ten search engine results. To accomplish this, Defendant contends she contacted related sites to request link exchanges, researched keys words, and obtained third party reviews of her work. Defendant alleges she designed several distinctive features from Plaintiff's site, such as varying the display according to the visitor's browser, varying the content of the order form page depending on the visitor's previous selections, allowing visitors to search the site, and varying the displayed pages according to the visitor's choices. Accordingly, Defendant contends the website differed both in appearance and underlying code.

**Trademark Infringement**

**a. Generic Terms not Protected**

Defendant alleges the domain name is not a distinctive mark and therefore is not afforded protection under 15 U.S.C. 1125(a). The Court has previously concluded that there is a likelihood of confusion between the domain names "autoupholsterykits" and "autoupholsterykit," and whether

ORDER - 2

Defendant's copying of the domain name was, in fact, deliberate is a disputed fact to be determined at trial. *See* Docket No. 121. Notwithstanding the Court's conclusion that Plaintiff's mark is entitled to trademark protection, Defendant's motion for summary judgment on Plaintiff's trademark claims against her is granted as the Court finds she is not a proper party in interest.

**b. Party of Interest**

Defendant argues that she is the wrong party in interest because she does not seek to capitalize on the commercial use of the trademark and that she only seeks to provide web design and creation services to the owners of websites. Plaintiff argues that Defendant should have detected the fraud at issue and that Defendant received money from Defendant Brown that was wrongfully acquired through the infringement. However, because there is no evidence that Defendant Gilmore "used" the trademark as defined by 15 U.S.C. §1125(a), the Court finds that she cannot be held liable for trademark infringement. *See, e.g., Bird v. Parsons,* 289 F.3d 865, 879 (6th Cir. 2002) When a domain name is used only to indicate an address on the internet, the domain name is not functioning as a trademark.

**Copyright Infringement**

Defendant next argues that Plaintiff has no copyright in the phrase "auto upholstery kits," because Plaintiff has not produced any evidence of original expression that could be subject to copyright protection.

Plaintiff responds that his website design as well as his newly created word "autoupholsterykits" is protected by copyright law. Plaintiff argues that, just as "micro" and "soft" can be combined into a word that is protected by copyright, so too can his single word creation.

A plaintiff must establish two elements in a copyright infringement action under 17 U.S.C. 501(a); ownership of the copyright by the plaintiff and copying by the defendant. *Keeler Brass Co. v. Continental Brass Co.,* 862 F.2d 1063, 1065 (4th Cir. 1988). While the question of

ORDER - 3

1  whether the websites are similar in appearance and metatags are an issue of copyright law and
2  are disputed issues of fact to be determined at trial, copyright law does not afford similar
3  protection to the word "autoupholstrykits." *See* 37 C.F.R. 202.1(a) (words and short phrases
4  such as names, titles and slogans are not subject to copyright protection).  Such protection falls
5  exclusively under the protections afforded by trademark law.  Accordingly, Defendant is entitled
6  to summary judgment as a matter of law on all claims alleging a copyright infringement of the
7  words "autoupholsterykits."

8  ACCORDINGLY,

9  IT IS ORDERED:

10  (1)  Defendant Gilmore's motion for summary judgment on Plaintiff's claims of
11       trademark infringement (Dkt.#86) is **GRANTED;**
12  (2)  Defendant Gilmore's motion for summary judgment on Plaintiff's copyright
13       infringement claim against the word "autoupholsterykits" (Dkt.#86) is
14       **GRANTED;** and
15  (3)  Defendant Gilmore's motion for summary judgment on Plaintiff's copyright
16       infringement claim against the website style and design and content (Dkt.# 86) is
17       **DENIED.**

19  DATED this 3rd day of August, 2005.

_____
FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

26  ORDER - 4